**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YENNI LUKMAN SIMON, | No. 11-73706 |
| Petitioner, | Agency No. A089-884-296 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Yenni Lukman Simon, a native and citizen of Indonesia, petitions for review

of the Board of Immigration Appeals' order summarily affirming an immigration

judge's ("IJ") decision denying her application for asylum and withholding of

removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence factual findings, *see Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the IJ's determination that Simon's experiences in Indonesia, even considered cumulatively, do not rise to the level of past persecution. *See id*. at 1059-60 (being beaten by youths, robbed of sandals and pocket money, and accosted by a threatening mob did not compel a past persecution finding). Substantial evidence also supports the IJ's determination that, even under a disfavored group analysis, Simon has not established a well-founded fear of persecution in Indonesia because she did not demonstrate sufficient individualized risk. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009); *see also Loho v. Mukasey*, 531 F.3d 1016, 1017-18 (9th Cir. 2008) ("willingly returning to [petitioner's] home country militates against a finding of . . . well-founded fear"). Accordingly, Simon's asylum claim fails.

Because she failed to establish eligibility for asylum, Simon necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**